UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

ROSA SANCHEZ

       Plaintiff,

v.

COASTLAND CENTER, LLC, and ERMC OF
AMERICA, LLC, and GLEN HARRELL,

       Defendants.

## NOTICE OF REMOVAL

Defendants, COASTLAND CENTER, LLC (hereinafter "COASTLAND"), ERMC OF AMERICA, LLC (hereinafter "ERMC") and GLEN HARRELL (fraudulently joined; hereinafter "HARRELL") (collectively hereinafter "DEFENDANTS"), file this Notice of Removal to remove the foregoing cause to the United States District Court for the MIddle District of Florida, Fort Myers Division, and respectfully shows this Court the following:

## I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

## II. BASIS FOR DIVERSITY JURISDICTION

1.      Plaintiff, ROSA SANCHEZ ("Plaintiff"), commenced this civil action in the 20th Judicial Circuit Court in and for Collier County, Florida styled ROSA SANCHEZ v. COASTLAND CENTER, LLC, ERMC OF AMERICA, LLC and GLEN HARRELL, CASE NO. 11-2016-CA001707-0001-XX (the "Action").  Attached hereto as part of Exhibit "1" is a copy of Plaintiff's Complaint and Amended Complaint.

2.      COASTLAND  and its fraudulently joined employee manager, HARRELL, were served with the Complaint on or about October 7, 2016 and October 10, 2016 respectively. ERMC was also served on or about October 7, 2016. Then, on or about October 12, 2016, Plaintiff electronically served an Amended Complaint upon each of the parties. Attached hereto as part of Exhibit "1" is the service proof of said Complaint and Amended Complaint.

2.      On or about October 13, 2016, in an attempt to determine whether the amount in controversy exceeds the jurisdictional limit of $75,000.00 for removal, COASTLAND served its First Request for Admissions to Plaintiff, requesting that Plaintiff "Admit the alleged amount in controversy for all claims alleged in Plaintiff's Amended Complaint exceeds $75,000.00." Plaintiff responded on November 16, 2016 by stating "Objection, to the extent the defendant is requesting this information for purposes of removal, the information requested in not reasonably calculated to lead to the discovery of admissible evidence, nor is it designed to narrow or simplify the issues for trial, as diversity jurisdiction does not exist in this case as both the plaintiff and defendant Harrell are Florida residents.  Without waiving said objection, the defendant indicated in its acknowledgement in writing on November 19, 2015 that it received the plaintiff's demand which exceeded $75,000. Subject to the above objections and qualifications, *the allegation is admitted*." (emphasis added). Attached hereto as part of Exhibit "2" is Defendant's First Request for Admissions to Plaintiff and Plaintiff's Response to First Request for Admissions to Plaintiff.[1]

4.      The time for removal did not begin to run until November 16, 2016 when Plaintiff admitted the alleged amount in controversy exceeds $75,000.00.  *See* 28 USC § 1441; *Austin v. Harbour Behavioral Health Care Inst.*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL 2050912 (M.D. Fla. 2007) (Where the basis for federal jurisdiction does not appear in the initial pleading, but arises subsequently, the defendant must file a notice of removal within thirty days after receipt by

---

[1] Notably, although Plaintiff's response claims an acknowledgement on November 19, 2015, the same is irrelevant and immaterial, as Plaintiff did not file the instant action or serve the Complaint until October, 2016 as stated *supra*.

Defendant of a motion or "other paper" from which it may be first ascertained the case is one which is or has become removable); and *Murchison v. Progressive Northern Ins. Co.*, 564 F. Supp. 2d 1311 (E.D. Okla. 2008) (holding that the denial of a request for admission was "other paper" under the meaning of § 1446(b).

      3.      While the Amended Complaint is highly vague and ambiguous, this is an alleged slip and fall case in which COASTLAND and ERMC are alleged to have been negligent because of an unidentified "slippery substance" near the entrance of an Old Navy of the large mall premises located at 1900 Tamiami Trail North, Naples, Florida. In short, Plaintiff alleges that on May 7, 2015,[2] she was permanently injured when she fell because of said vague and ambiguous "slippery substance" somewhere near the entrance to an Old Navy store at the premises.[3] Subsequently, Plaintiff alleges a host of legal conclusions centered around negligent maintenance, failure to warn, that the unidentified condition was created by COASTLAND and ERMC, negligent mode of operation,[4] and that COASTLAND and ERMC knew or should have known about the undescribed condition.

      4.      Most importantly, the Amended Complaint fraudulently joins the employee manager, HARRELL, an alleged Collier County resident, in the sole effort to defeat diversity jurisdiction. HARRELL's general employment responsibilities and duties, which include managing vendors, store operators and administrative personnel, among other things, do not permit a finding of "active negligence" against HARRELL, individually, for an unidentified transient substance in front of an Old Navy store at the mall premises. As an employee of COASTLAND, HARRELL cannot be held

---

    [2] Defendant believes Plaintiff made a scriveners error, as Plaintiff's pre-suit demand correspondence as well as other materials, including Plaintiff's medical records, claim the alleged incident occurred on May 17, 2015.

    [3] See Amended Complaint, paragraphs 6 and 11.

    [4] Negligent mode of operation claims have been abrogated by Florida Statute. *Woodman v. Bravo Brio Rest. Grp., Inc*., 2015 U.S. Dist. LEXIS 52375 (M.D. Fla. Apr. 21, 2015).

personally liable simply because of his general employee duties or administrative responsibility for performance of some function of his employment.  The Amended Complaint does not allege personal (as opposed to technical or vicarious) fault by HARRELL and he was clearly named as a litigation tactic to avoid removal. Thus, HARRELL has no real/practical connection to this matter other than being named in an attempt to avoid removal of this matter to this Court and Plaintiff has no legitimate cause of action against him and he should be dismissed from suit. See *Pritchard v. Wal-Mart Stores, Inc.*, 2009 U.S. Dist. LEXIS 18593 (M.D. Fla. 2009)(no evidence supporting negligence claims against employee; Court finds that there is no evidence to support a claim against employee as actively negligent, and as such, Court finds that employee Gunderjahn is fraudulently joined); See *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(when plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court; plaintiff is said to have effectuated a fraudulent joinder); See *Margaret Droessler v. Wyeth-Ayerst Laboratories*, 64 F.Supp.2d 1265 (S.D. Fla. 1999)(defendant's right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection to the controversy); See *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 2001); See *Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1407 (S.D. Fla. 2008)(Court may sever any claim against a party, including parties joined for the purpose of preventing removal to federal court; misjoinder will have the same effect as fraudulent joinder; plaintiff added slander claim against defendant Wilcox for the purpose of defeating federal jurisdiction.  The slander claim against Defendant Wilcox is separate from the claims against corporate defendants and is not one for which Plaintiff seeks a joint judgment against the defendants); See *Valerio v. SmithKline Beecham Corp.*, 2008 U.S. Dist. LEXIS 60242 (S.D. Fla. 2008) (denial of motion to remand); See *Masterson v. Apotex Corp.*, 21 Fla. L. Weekly Fed. D 545 (S.D. Fla. 2008) (The plain language of 28 U.S.C.S. § 1441(b) requires the

resident defendant to be "properly joined and served" to defeat removal). Significantly, HARRELL

was not even on duty or at the subject premises on the date of the alleged incident, May 17, 2015.[5]

     5.     A defendant is fraudulently joined when either "(1) there is no possibility the plaintiff

can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently

plead jurisdictional facts to bring the resident defendant into state court." S*tillwell v. Allstate Ins.

Co.*, 663 F.3d 1329,1332 (11th Cir. 2011) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th

Cir. 1997)). With respect to establishing causes of action against employees, "an officer or agent of a

business may be held personally liable for a plaintiff's injuries only if he is actively negligent, not

simply because of his general administrative responsibility for performance of some function of his

employment." *Thomas v. Big Lots Stores, Inc.*, No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2

(M.D. Fla. Jul. 25, 2011); see also *White v. Wal-Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 1st DCA

2005) (an officer or agent may not be held personally liable simply because of his general

administrative responsibility for performance of some function of his or her employment – he or she

must be actively negligent).  Here, Plaintiff's Amended Complaint alleges HARRELL "was in the

course and scope of his employment" at the time of Plaintiff's alleged incident, which precludes

HARRELL from being held personally liable for the claims alleged by Plaintiff.[6] Furthermore, as

stated *supra,* HARRELL was not on duty or at the mall premises on the date of the alleged incident

and thus could not have contributed to Plaintiff's alleged fall, even in an administrative capacity. *See*

*Accordino v. Wal-Mart Stores E., LP*, 2005 U.S, Dist. LEXIS 34328 (M.D. Fla. 2005); *Stephens v.*

*PetSmart, Inc.,* 2009 U.S. Dist. LEXIS 107234 (M.D. Fla. 2009) (Denying a motion for permissive

---

     [5] Although Plaintiff's Amended Complaint alleged the purported incident occurred on May 7, 2015, the alleged incident, if any, took place on May 17, 2015.  The Affidavit of HARRELL confirms he was not present at the subject premises on May 17, 2015, did not participate in any events Plaintiff claims contributed to her fall, and did not have knowledge of the purported conditions surrounding the alleged accident. Moreover, HARRELL did not have any prior knowledge of any "slippery substance" present at the store on May 7, 2015 (or May 17, 2015) and the existence of any such substance was never reported to him on said date.

     [6] See Amended Complaint, paragraph 5.

joinder where Plaintiff sought to join a store manager who was not present in the store at the time of the alleged incident and employee who was present but had no prior knowledge of the hazardous condition inside the store, as the joinder would be fraudulent because there was no possibility that a cause of action could be asserted against the manager and employee in their individual capacity).

6.      Here, there is no possibility that plaintiff can establish a cause of action against HARRELL because he was not present or on duty, and was not actively negligent based on the facts alleged in the Amended Complaint. Attached hereto as Exhibit "3" is the Affidavit of Glen Harrell.[7] See In *Stephens v. Petsmart, Inc.,* No. 8:09-cv-815-T-26TBM, 2009 WL 3674680 (M.D. Fla. Nov. 3, 2009), the court indicated:  "In Florida, there is no recognized cause of action for an in absentia claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agent may be personally liable for negligence only if he or she participates in the tortious conduct." The *Stephens* court held that joinder of the store manager was fraudulent even though the store manager was at the store because "he had no knowledge of the dangerous condition and **did not participate in the incident**." *Id.* (**emphasis supplied**). Here, HARRELL did not participate in the incident, did not know of the existence of any alleged condition, was not responsible for mopping or cleaning the floor, and certainly did not cause any purported substance to arrive on the floor. Plaintiff cannot establish active negligence or a connection on the part of HARRELL to the subject incident. In fact, Plaintiff's Amended Complaint does not include a single factual allegation supporting active negligence on the part of HARRELL and simply includes the same conclusory allegations that were alleged against COASTLAND and ERMC. That is, while the Amended Complaint alleges HARRELL was in the course and scope of his employment as manager of COASTLAND, it goes on to simply allege HARRELL had the general duty attributed to COASTLAND and fails to allege any factual allegations identifying any improper or tortious

---

[7] Even if Plaintiff amended the Amended Complaint to assert a conclusory allegation of active negligence on the part of HARRELL, such pleading allegation would be a nullity and legally void "ab initio" and "absque hoc" because of the fraudulent joinder.

conduct on the part of HARRELL. "A defendant's right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Thomas*, No. 8:11-cv-673-T-33AEP, 2011 WL 3035269, at *2. Accordingly, based on the fraudulent joinder of HARRELL, there is complete diversity in this matter between Plaintiff and the Defendants, COASTLAND and ERMC.

7.     Undersigned counsel received a copy of said Complaint on October 10, 2016 and advised Plaintiff on or about October 11, 2016 of Defendants' intention to remove this action. Attached hereto as part of Exhibit "4" is Defendant's correspondence to Plaintiff's counsel dated October 11, 2016 providing notice of the intent to remove and the accompanying proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel also prepared a Motion for Extension of Time to Respond to the Complaint citing how this case would be removed. Attached hereto as Exhibit "5" is Defendant's Motion for Extension of Time. Undersigned counsel further prepared the proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "4" is the proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court. Plaintiff's counsel failed to execute the Joint Stipulation On Alleged Damages. In the meantime, and on October 13, 2016, Defendant served its First Request for Admissions to Plaintiff.

8.     Defendants seek removal to the Middle District of Florida, Fort Myers Division, the District in which the action is now pending.

9.     This Notice is filed within thirty (30) days of the date that DEFENDANTS first received a copy of the Plaintiff's Responses to First Request for Admissions to Plaintiff and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

10.     Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

11.     Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 20th Judicial Circuit Court In And For Collier County, Florida as required by law.

12.     Attached to this Notice as Exhibits are all true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

13.     This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a).  This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

14.     The Amended Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court.  The damages available to Plaintiff, if she prevails, are not limited in any fashion, however.  Plaintiff alleges that as a result of the alleged negligence, Plaintiff "was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earning, and loss of ability to earn money." Plaintiff further claims the losses are either permanent or continuing in nature and that Plaintiff will suffer losses in the future.[8] Defendant has attached, as Exhibit "6," Plaintiff's redacted medical records demonstrating medical expenses and injuries supporting Plaintiff's alleged damages' claim in excess of $75,000.00. In summary, the limited medical records received to date indicate that Plaintiff allegedly sustained the following severe injuries as a result of the subject incident: (1) complex tearing of the body and posterior horn of the medial meniscus; (2) mild undersurface inner edge tearing of the posterior horn of the lateral meniscus; (3) arthroscopic surgery of the right knee with medial meniscectomy, chondroplasty of the patellofemoral joint, and loose

---

[8] Amended Complaint, paragraph 14, 11 and 21.

cartilage removal; and (4) disc herniation at T12-L1, L2-3, L4-4, and broad-based bulging annulus at L3-4. See Exhibit "6," redacted medical records.

15.     Florida jury verdict searches, attached as Exhibit "7," for similar injuries consisting of a torn meniscus and lumbar disc bulges demonstrate that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See See *JULIA-EMILIA ILIE vs. NCL (BAHAMAS) LTD*., Case No. 05-16592 CA 11, Miami-Dade County, 2008 (Plaintiff was awarded $173,400.00 for only a torn meniscus that required surgery. The award included $1,400.00 for past lost wages; $50,000.00 for past pain and suffering; $72,000.00 for future surgery; and $50,000 for future pain and suffering); *CASANOVA vs. WAL-MART STORES, INC*., Case No. 04-8579 CA 04, Miami-Dade County, 2005 (Plaintiff was awarded $144,000.00 for only a torn meniscus. The award included $30,000.00 for past medical expenses; $40,000.00 for future medical expenses; and $70,000.00 for past pain and suffering); *MORAND vs. CARLI*, Case No. 01-06-CA-29-J, Alachua County, 2008 (Plaintiff was awarded $299,215.00 for a lumbar herniation, requiring surgery, and a torn meniscus also requiring surgery. The award included $160,000.00 for past pain and suffering and $41,760.00 for future pain and suffering). See attached Exhibit "6," jury verdict searches.

16.     Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation On Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal, and, in Plaintiff's Response to Defendant's First Request for Admissions, admitted the alleged amount in controversy exceeds $75,000.00. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17.     Plaintiff is a citizen of Florida and the Defendant COASTLAND is an Illinois limited liability company with its Managers located at 110 North Wacker Drive, Chicago, IL. COASTLAND is therefore a citizen of the state of Illinois. Moreover, ERMC is a Louisiana Limited Liability Company with its Manager(s) located at One Park Place, Suite 300, 6148 Lee Highway, Chattanooga, TN. ERMC is therefore a citizen of the state of Tennessee.

18.     Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendants are not citizens of Florida, the State in which this action was brought.  Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship and the fraudulent joinder of HARRELL.

### III.  CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendants COASTLAND and ERMC who are citizens of Illinois and Tennessee respectively; the Court should not consider the residency of HARRELL to defeat diversity jurisdiction as he was fraudulently joined.  Accordingly, Defendants COATSLAND and ERMC respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq*., and 28 U.S.C. § 1441, *et seq*.

Respectfully submitted,

/s/Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com
William A. Potucek
Fla. Bar No. 0100577
Email: wpotucek@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michael Alexander Garcia
Michael Alexander Garcia

**SERVICE LIST**

CASE NO.

Brian M. Davis, Esq.
Fla. Bar. No. 0106535
Email: tyler@trialpro.com
The Trial Professionals, P.A.
1019 Crosspointe Drive, Suite 1
Naples, FL 34110
(239) 300-0000
(239) 514-0555 fax
Counsel for Plaintiff

4818-4211-1293, v.  1