# Exhibit "1"

# RETURN OF SERVICE

**CIRCUIT COURT**          **County of Collier**          **State of Florida**

**ROSA SANCHEZ**

     Plaintiff

vs.

**COASTLAND CENTER, LLC, ERMC OF AMERICA, LLC
AND GLEN HARRELL**

     Defendant

Attorney:

TYLER NICOLL
THE TRIAL PROFESSIONALS, P.A.
1019 CROSSPOINTE DR. SUITE 1
NAPLES, FL. 34110

**Case Number:** 11-2016-CA-001707-0001-XX

Legal documents received by ACCURATE SERVE  FORT MYERS on October 05th, 2016 at 2:49 PM to be served upon **COASTLAND CENTER LLC C/O CORPORATION SERVICE COMPANY AS R/A at 1201 HAYS STREET, TALLAHASSEE, FL. 32301**

I, Brennan W. Fogarty, AFPS, swear and affirm that on **October 07th, 2016 at 12:10 PM**, I did the following:

Served the **corporation** listed as the intended recipient of the legal documents by delivering a conformed copy of the **SUMMONS, COMPLAINT, NOTICE OF DESIGNATION OF EMAIL ADDRESS, REQUEST FOR PRODUCTION, REQUEST TO ADMIT, INTERROGATORIES** to **SARA LEA** as **REGISTERED AGENT CLERK** of the within named corporation. The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

**Supplemental Data Appropriate to this Service:**

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am certified, appointed by sheriff or motion and order and/ or that I am legally authorized to serve court documents within the above named circuit / county.  I declare that I have read the forgoing instrument and the facts stated in it are true.

_____
**Brennan W. Fogarty, AFPS**
Process Server, # 230

**ACCURATE SERVE  FORT MYERS
4600 SUMMERLIN ROAD, SUITE C-2-411
FORT MYERS, FL 33919**

**(239) 822-7299**

Internal Job ID: 2016003054

Reference Number: 16.2136

Copyright © 2014 Process Server Central, LLC. US Pat. 8,396,765. All Rights Reserved.

# **RETURN OF SERVICE**

| **CIRCUIT COURT** | **County of Collier** | **State of Florida** |
| --- | --- | --- |

ROSA SANCHEZ

    Plaintiff

vs.

COASTLAND CENTER, LLC, ERMC OF AMERICA, LLC
AND GLEN HARRELL

    Defendant

Attorney:

TYLER NICOLL
THE TRIAL PROFESSIONALS, P.A.
1019 CROSSPOINTE DR. SUITE 1
NAPLES, FL. 34110

**Case Number:** 11-2016-CA-001707-0001-XX

Legal documents received by ACCURATE SERVE FORT MYERS on October 05th, 2016 at 2:49 PM to be served upon
**ERMC OF AMERICA LLC C/O CORPORATION SERVICE COMPANY AS R/A at 1201 HAYS STREET,
TALLAHASSEE, FL. 32301**

I, Brennan W. Fogarty, AFPS, swear and affirm that on **October 07th, 2016 at 12:10 PM**, I did the following:

Served the **corporation** listed as the intended recipient of the legal documents by delivering a conformed copy of the
**SUMMONS, COMPLAINT, NOTICE OF DESIGNATION OF EMAIL ADDRESS, REQUEST FOR
PRODUCTION, REQUEST TO ADMIT, INTERROGATORIES** to **SARA LEA** as **REGISTERED AGENT
CLERK** of the within named corporation. The service date, time, my initials and/or name, and identification number, if
required by state statute, were listed on the document served.

**Supplemental Data Appropriate to this Service:**

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am certified,
appointed by sheriff or motion and order and/ or that I am legally authorized to serve court documents within the above
named circuit / county.  I declare that I have read the forgoing instrument and the facts stated in it are true.

_____
**Brennan W. Fogarty, AFPS**
Process Server, # 230

**ACCURATE SERVE FORT MYERS
4600 SUMMERLIN ROAD, SUITE C-2-411
FORT MYERS, FL 33919**

**(239) 822-7299**

Internal Job ID: 2016003055

Reference Number: 16.2137

Copyright © 2014 Process Server Central, LLC. US Pat. 8,396,765. All Rights Reserved.

# RETURN OF SERVICE

**Circuit Court**          **County of Collier**          **State of Florida**

**Rosa Sanchez**                                          Attorney:

    Plaintiff                                          Tyler Nicoll, Esquire
                                                         The Trial Professionals, P.A.
vs.                                                      1019 Crosspointe Dr., Suite 1
                                                         Naples, FL. 34110
**Coastland Center LLC**
**ERMC of America LLC**
**Glen Harrell**

    Defendant

**Case Number:** 11-2016-CA-001707-0001-XX

Legal documents received by Accurate Serve of Fort Myers on October 04th, 2016 at 1:51 PM to be served upon **Glen Harrell c/o Coastland Center at 1900 Tamiami Trail, Naples, FL. 34102**

I, Daniel McKeon, swear and affirm that on **October 10th, 2016 at 1:15 PM**, I did the following:

**Individually** Served **Glen Harrell** the person listed as the intended recipient of the legal document with a conformed copy of this **Summons, Standing Order, Plaintiffs Notice of Service of First set of Interrogatories, Request to Admit, Plaintiffs First Request for Production of Documents and Other Items, Notice of Designation of Email Addresses, Complaint with Exhibits.** The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

**Supplemental Data Appropriate to this Service:**

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am certified, appointed by sheriff or motion and order and that I am legally authorized to serve court documents within the above named circuit / county. I declare that I have read the forgoing instrument and the facts stated in it are true.

*Daniel + McKeon*

**Daniel McKeon**
Process Server, # 157975

**Accurate Serve of Fort Myers**
**4600 Summerlin Road, Suite C-2-411**
**Fort Myers, FL 33919**

**(239) 822-7299**

Internal Job ID: 2016002135

Reference Number:

Copyright © 2014 Process Server Central, LLC. US Pat. 8,396,765. All Rights Reserved.

**IN THE CIRCUIT COURT**
**OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

ROSA SANCHEZ,

                                      CASE NO.:  11-2016-CA-001707-0001-XX

       Plaintiff,

vs.

COASTLAND CENTER, LLC,
ERMC OF AMERICA, LLC
and  GLEN HARRELL,

       Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiff, ROSA SANCHEZ, by and through her undersigned counsel, and sues the Defendants, COASTLAND CENTER, LLC ("COASTLAND"), ERMC OF AMERICA, LLC ("ERMC") and GLEN HARRELL, and alleges as follows:

1.     This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of attorney's fees, costs and interest.

2.     The Plaintiff is a resident of Naples, Collier County, Florida.

3.     At all times material hereto Defendant COASTLAND was a foreign corporation licensed to do business in Florida and was in possession, custody and control of the premises, operating as a retail shopping mall, located at 1900 Tamiami Trail North, Naples, Collier County, Florida.

4.     Defendant ERMC is a foreign corporation licensed to do business in Florida and responsible for the maintenance of the premises located at 1900 Tamiami Trail North, Naples, Collier County, Florida.

5.      At all times material, Defendant GLEN HARRELL was in the course and scope of his employment as manager of COASTLAND.

6.      On or about May 7, 2015, the Plaintiff was a business invitee/customer at COASTLAND when she slipped and fell in a slippery substance near the entrance to the Old Navy store.

7.      As a result of said fall, the Plaintiff sustained serious injuries and other damages.

## COUNT I: NEGLIGENCE
## COASTLAND

The Plaintiff re-alleges Paragraphs 1 through 7 and further alleges:

8.      As owner and/or operator of the premises, the Defendant had a non-delegable duty to its business invitees to use reasonable care to maintain the premises in a reasonably safe condition and to warn the Plaintiff of latent perils.

9.      The Defendant breached its duty of reasonable care and its duty to warn by:

    a)      Failing to maintain the premises in a reasonable and safe condition so as not to harm the public, generally and the Plaintiff specifically, by allowing the existence of a hazardous condition on the floor;

    b)      Failing to inspect its premises and warn the Plaintiff of dangerous conditions it knew or should have known existed on its property and created an unreasonable risk to the Plaintiff;

    c)      Creating the condition which caused the Plaintiff's injury; and

    d)      Allowing the dangerous condition to exist or remain for an unreasonable length of time thus creating a hazard for the Plaintiff.

10.     The dangerous condition that caused the Plaintiff's injury had been on the property long enough that the Defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed. Nonetheless, the Defendant did not take appropriate corrective steps to remedy the condition.

2

11.    As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs, and the Plaintiff demands trial by jury.

## COUNT II:  NEGLIGENT MODE OF OPERATION
## COASTLAND

The Plaintiff re-alleges Paragraphs 1 through 7 and further alleges:

12.    The Defendant, as owner, property manager and operator of the aforementioned property, had the following non-delegable duties:

a)    Implementing policies, methodology, and procedures so as not to cause or contribute to the creation of dangerous conditions; and

b)    Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions in the first instance.

13.    The Defendant breached the aforementioned duties by:

a)    Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described herein; and

b)    Implementing policies, procedures, and methodology that failed to prevent dangerous conditions and/or correct existing dangerous conditions.

14.    As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earning, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

3

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs, and the Plaintiff demands trial by jury.

## COUNT III: NEGLIGENCE
## ERMC

The Plaintiff re-alleges Paragraphs 1 through 14 and further alleges:

15.     As owner and/or operator of the premises, the Defendant had a non-delegable duty to its business invitees to use reasonable care to maintain the premises in a reasonably safe condition and to warn the Plaintiff of latent perils.

16.     The Defendant breached its duty of reasonable care and its duty to warn by:

   a)     Failing to maintain the premises in a reasonable and safe condition so as not to harm the public, generally and the Plaintiff specifically, by allowing the existence of a hazardous condition on the floor;

   b)     Failing to inspect its premises and warn the Plaintiff of dangerous conditions it knew or should have known existed on its property and created an unreasonable risk to the Plaintiff;

   c)     Creating the condition which caused the Plaintiff's injury; and

   d)     Allowing the dangerous condition to exist or remain for an unreasonable length of time thus creating a hazard for the Plaintiff.

17.     The dangerous condition that caused the Plaintiff's injury had been on the property long enough that the Defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed.  Nonetheless, the Defendant did not take appropriate corrective steps to remedy the condition.

18.     As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

4

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs and the Plaintiff demands trial by jury.

**COUNT IV: NEGLIGENT MODE OF OPERATION**
**ERMC**

The Plaintiff re-alleges Paragraphs 1 through 18 and further alleges:

19.    The Defendant, as owner, property manager and operator of the aforementioned property, had the following non-delegable duties:

    a)    Implementing policies, methodology, and procedures so as not to cause or contribute to the creation of dangerous conditions; and

    b)    Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions in the first instance.

20.    The Defendant breached the aforementioned duties by:

    a)    Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described herein; and

    b)    Implementing policies, procedures, and methodology that failed to prevent dangerous conditions and/or correct existing dangerous conditions.

21.    As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earning, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs and the Plaintiff demands trial by jury.

## COUNT V: NEGLIGENCE
## GLEN HARRELL

The Plaintiff re-alleges Paragraphs 1 through 21and further alleges:

22.     As manager of the Defendant's retail mall, the Defendant had a non-delegable

duty to the Defendant's business invitees to use reasonable care to maintain the premises in a

reasonably safe condition and to warn the Plaintiff of latent perils.

23.     The Defendant breached his duty of reasonable care and duty to warn by:

   a)   Failing to maintain the premises in a reasonable and safe condition so as
        not to harm the public, generally and the Plaintiff specifically, by allowing
        the existence of a hazardous condition on the floor;

   b)   Failing to inspect its premises and warn the Plaintiff of dangerous
        conditions it knew or should have known existed on the Defendant's
        property and created an unreasonable risk to the Plaintiff;

   c)   Creating the condition which caused the Plaintiff's injury; and

   d)   Allowing the dangerous condition to exist or remain for an unreasonable
        length of time thus creating a hazard for the Plaintiff.

24.     The dangerous condition that caused the Plaintiff's injury had been on the

property long enough that the Defendant either knew, or under the exercise of reasonable care

should have known, the dangerous condition existed.  Nonetheless, the Defendant did not take

appropriate corrective steps to remedy the condition.

25.     As a proximate result of the Defendant's negligence, the Plaintiff was injured and

suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment

of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money.

The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs and demands trial by jury.

DATED this 22nd day of September, 2016.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Complaint for Damages and Demand for Trial by Jury has been served by initial service of process.

/s/ Brian M. Davis
**Brian M. Davis**
Florida Bar No. 884650
**Tyler B. Nicoll, Esquire**
Florida Bar No. 0106535
The Trial Professionals, P.A.
1019 Crosspointe Dr., Suite 1
Naples, FL 34110
Telephone: (239) 300-0000
Attorneys for Plaintiff
**Designation Pursuant to F.R.J.A. 2.516:**
Brian@TrialPro.com
Carol@TrialPro.com
Tyler@TrialPro.com
Nora@TrialPro.com

7

**IN THE CIRCUIT COURT**
**OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

ROSA SANCHEZ,

                                  CASE NO.: 11-2016-CA-001707-0001-XX

      Plaintiff,

vs.

COASTLAND CENTER, LLC,
ERMC OF AMERICA, LLC
and  GLEN HARRELL,

      Defendants.
_____/

**NOTICE OF DESIGNATION OF E-MAIL ADDRESS**
**FOR SERVICE BY ELECTRONIC MAIL**

      COMES NOW the law office of The Trial Professionals, P.A., undersigned counsel for

Plaintiff, in the above-styled cause, and pursuant to F.R.J.A. 2.516(b)(1), designates the

following E-mail address for service by electronic mail:

      Primary Electronic Mail Address:           Brian@TrialPro.com

      Secondary Electronic Mail Address:      Carol@TrialPro.com
                                              Tyler@TrialPro.com
                                              Nora@TrialPro.com

Documents shall be served by E-mail to this designated E-mail address **ONLY**. Service to any

other E-mail address will NOT be considered proper service pursuant to F.R.J.A. 2.516.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

initial Process of Service.

/s/ Brian M. Davis
**Brian M. Davis**
Florida Bar No. 884650
**Tyler B. Nicoll, Esquire**
Florida Bar No. 0106535
The Trial Professionals, P.A.
1019 Crosspointe Dr., Suite 1
Naples, FL 34110
Telephone: (239) 300-0000
Attorneys for Plaintiff
**Designation Pursuant to F.R.J.A. 2.516:**
Brian@TrialPro.com
Carol@TrialPro.com
Tyler@TrialPro.com
Nora@TrialPro.com

2

**IN THE CIRCUIT COURT
OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA**

ROSA SANCHEZ,

                                           CASE NO.:  11-2016-CA-001707-0001-XX

        Plaintiff,

vs.

COASTLAND CENTER, LLC,
ERMC OF AMERICA, LLC
and  GLEN HARRELL,

        Defendants.

_____/

### AMENDED COMPLAINT

COMES NOW the Plaintiff, ROSA SANCHEZ, by and through her undersigned counsel, and sues the Defendants, COASTLAND CENTER, LLC ("COASTLAND"), ERMC OF AMERICA, LLC ("ERMC") and GLEN HARRELL, and alleges as follows:

1.      This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of attorney's fees, costs and interest.

2.      The Plaintiff is a resident of Naples, Collier County, Florida.

3.      At all times material hereto Defendant COASTLAND was a foreign corporation licensed to do business in Florida and was in possession, custody and control of the premises, operating as a retail shopping mall, located at 1900 Tamiami Trail North, Naples, Collier County, Florida.

4.      Defendant ERMC is a foreign corporation licensed to do business in Florida and responsible for the maintenance of the premises located at 1900 Tamiami Trail North, Naples, Collier County, Florida.

5.     At all times material, Defendant GLEN HARRELL was a resident of Collier County, Florida and was in the course and scope of his employment as manager of COASTLAND.

6.     On or about May 7, 2015, the Plaintiff was a business invitee/customer at COASTLAND when she slipped and fell in a slippery substance near the entrance to the Old Navy store.

7.     As a result of said fall, the Plaintiff sustained serious injuries and other damages.

**COUNT I: NEGLIGENCE**
**COASTLAND**

The Plaintiff re-alleges Paragraphs 1 through 7 and further alleges:

8.     As owner and/or operator of the premises, the Defendant had a non-delegable duty to its business invitees to use reasonable care to maintain the premises in a reasonably safe condition and to warn the Plaintiff of latent perils.

9.     The Defendant breached its duty of reasonable care and its duty to warn by:

    a)     Failing to maintain the premises in a reasonable and safe condition so as not to harm the public, generally and the Plaintiff specifically, by allowing the existence of a hazardous condition on the floor;

    b)     Failing to inspect its premises and warn the Plaintiff of dangerous conditions it knew or should have known existed on its property and created an unreasonable risk to the Plaintiff;

    c)     Creating the condition which caused the Plaintiff's injury; and

    d)     Allowing the dangerous condition to exist or remain for an unreasonable length of time thus creating a hazard for the Plaintiff.

10.     The dangerous condition that caused the Plaintiff's injury had been on the property long enough that the Defendant either knew, or under the exercise of reasonable care

2

should have known, the dangerous condition existed.  Nonetheless, the Defendant did not take appropriate corrective steps to remedy the condition.

11.     As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs, and the Plaintiff demands trial by jury.

## COUNT II:  NEGLIGENT MODE OF OPERATION
## COASTLAND

The Plaintiff re-alleges Paragraphs 1 through 7 and further alleges:

12.     The Defendant, as owner, property manager and operator of the aforementioned property, had the following non-delegable duties:

a)      Implementing policies, methodology, and procedures so as not to cause or contribute to the creation of dangerous conditions; and

b)      Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions in the first instance.

13.     The Defendant breached the aforementioned duties by:

a)      Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described herein; and

b)      Implementing policies, procedures, and methodology that failed to prevent dangerous conditions and/or correct existing dangerous conditions.

14.     As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment

of life, medical care and treatment expense, loss of earning, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs, and the Plaintiff demands trial by jury.

**COUNT III: NEGLIGENCE**
**ERMC**

The Plaintiff re-alleges Paragraphs 1 through 14 and further alleges:

15.   As owner and/or operator of the premises, the Defendant had a non-delegable duty to its business invitees to use reasonable care to maintain the premises in a reasonably safe condition and to warn the Plaintiff of latent perils.

16.   The Defendant breached its duty of reasonable care and its duty to warn by:

   a)   Failing to maintain the premises in a reasonable and safe condition so as not to harm the public, generally and the Plaintiff specifically, by allowing the existence of a hazardous condition on the floor;

   b)   Failing to inspect its premises and warn the Plaintiff of dangerous conditions it knew or should have known existed on its property and created an unreasonable risk to the Plaintiff;

   c)   Creating the condition which caused the Plaintiff's injury; and

   d)   Allowing the dangerous condition to exist or remain for an unreasonable length of time thus creating a hazard for the Plaintiff.

17.   The dangerous condition that caused the Plaintiff's injury had been on the property long enough that the Defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed.   Nonetheless, the Defendant did not take appropriate corrective steps to remedy the condition.

18.   As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment

4

of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs and the Plaintiff demands trial by jury.

## COUNT IV: NEGLIGENT MODE OF OPERATION
## ERMC

The Plaintiff re-alleges Paragraphs 1 through 18 and further alleges:

19.     The Defendant, as owner, property manager and operator of the aforementioned property, had the following non-delegable duties:

a)      Implementing policies, methodology, and procedures so as not to cause or contribute to the creation of dangerous conditions; and

b)      Implementing policies, methodology, and procedures designed to prevent the creation or continued existence of dangerous conditions in the first instance.

20.     The Defendant breached the aforementioned duties by:

a)      Implementing policies, procedures, and methodology which foreseeably caused or contributed to the existence of the dangerous condition described herein; and

b)      Implementing policies, procedures, and methodology that failed to prevent dangerous conditions and/or correct existing dangerous conditions.

21.     As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earning, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs and the Plaintiff demands trial by jury.

## COUNT V: NEGLIGENCE
## GLEN HARRELL

The Plaintiff re-alleges Paragraphs 1 through 21and further alleges:

22.     As manager of the Defendant's retail mall, the Defendant had a non-delegable duty to the Defendant's business invitees to use reasonable care to maintain the premises in a reasonably safe condition and to warn the Plaintiff of latent perils.

23.     The Defendant breached his duty of reasonable care and duty to warn by:

a)     Failing to maintain the premises in a reasonable and safe condition so as not to harm the public, generally and the Plaintiff specifically, by allowing the existence of a hazardous condition on the floor;

b)     Failing to inspect its premises and warn the Plaintiff of dangerous conditions it knew or should have known existed on the Defendant's property and created an unreasonable risk to the Plaintiff;

c)     Creating the condition which caused the Plaintiff's injury; and

d)     Allowing the dangerous condition to exist or remain for an unreasonable length of time thus creating a hazard for the Plaintiff.

24.     The dangerous condition that caused the Plaintiff's injury had been on the property long enough that the Defendant either knew, or under the exercise of reasonable care should have known, the dangerous condition existed.  Nonetheless, the Defendant did not take appropriate corrective steps to remedy the condition.

25.     As a proximate result of the Defendant's negligence, the Plaintiff was injured and suffered injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and the Plaintiff will suffer losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages in excess of $15,000.00 against the Defendant together with costs and demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been filed with the Florida E-Filing Portal this 12th day of October, 2016, which will send a copy to:  Michael Alexander Garcia, Esquire and William A. Potucek, Esquire, Fowler White Burnett, PA, 1395 Brickell Avenue, Miami, FL, 33131 (mgarcia@fowler-white.com; wpotucek@fowler-white.com).

/s/ Brian M. Davis
**Brian M. Davis**
Florida Bar No. 884650
**Tyler B. Nicoll, Esquire**
Florida Bar No. 0106535
The Trial Professionals, P.A.
1218 East Robinson Street
Orlando, FL  32801
Telephone: (407) 300-0000
Facsimile:  (407) 367-0750
Attorneys for Plaintiff
**Designation Pursuant to F.R.J.A. 2.516:**
Brian@TrialPro.com
Tyler@TrialPro.com
Carol@TrialPro.com

7