UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA SANCHEZ,

Plaintiff,

v. Case No: 2:16-cv-851-FtM-99CM

ERMC OF AMERICA, LLC and COASTLAND CENTER, LLC,

Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on defendants ERMC of America, LLC and Coastland Center, LLC's[1] Motions to Dismiss or, Alternatively, for a More Definite Statement (Docs. ##8, 10) filed on December 1 and 2, 2016. Plaintiff filed a response in opposition to both motions on December 14, 2016. (Doc. #13.) For the reasons set forth below, the motions are granted to the extent that plaintiff's negligent mode of operation claims against defendants are dismissed; otherwise, the motion is denied.

**I.**

Plaintiff Rosa Sanchez (plaintiff or Sanchez) has brought this premises liability action against the owner and operator of

---

[1] Glenn Harrell was previously named as a defendant in this action (Count V) and joined in Coastland Center's motion to dismiss. Plaintiff has since voluntarily dismissed Harrell and he has been terminated from this case; therefore, Harrell's arguments for dismissal are moot. (Docs. ##14, 15, 21.)

Coastland Center Mall (the "Premises") for negligence arising out of a slip and fall incident that occurred on or about May 7, 2015 near the entrance to the Old Navy store. (Doc. #2, ¶¶ 6-7.) Plaintiff alleges that she slipped and fell on a "slippery substance," sustaining serious injury. (Id.)

The case was removed based upon diversity jurisdiction, and is currently proceeding on a four-count Amended Complaint against defendants Coastland Center, LLC (Coastland) and ERMC of America, LLC (ERMC) (collectively, "defendants") under theories of negligence (Counts I and III) and negligent mode of operation (Counts II and IV). (Doc. #2.)[2] Plaintiff alleges that Coastland was in possession, custody, and control of the Premises, that ERMC was responsible for the maintenance of the Premises, and that defendants were the "owner(s) and/or operator(s) of the Premises." (Id. at ¶¶ 3-4, 9, 15.) Defendants move to dismiss the Amended Complaint for failure to state a claim because the complaint fails to allege sufficient facts to establish negligence, and because negligent mode of operation has been abrogated by Florida Statute.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[2] The fifth count was a claim of negligence against Harrell individually, who has since been dismissed.

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

### A. Negligence (Counts One and Three)

#### 1. Adequate Factual Allegations

Under Florida law,[3] to maintain a cause of action for negligence, a plaintiff must prove: "(1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). A property owner owes two duties to a business invitee: (1) a duty to warn of latent or concealed perils that were known or should have been known to the owner and which were unknown to the invitee; and (2) a duty to take ordinary care to maintain its premises in a reasonably safe condition. Westchester Exxon v. Valdes, 524 So. 2d 452, 455 (Fla. 3d DCA 1988); see also Ramsey v. Home Depot U.S.A., Inc., 124 So. 3d 415, 417 (Fla. 1st DCA 2013).

Here, plaintiff alleges that defendants had a duty to its business invitees to exercise reasonable care to maintain the

[3] Florida's substantive law governs in this diversity case. LaTorre v. Connecticut Mut. Life Ins. Co., 38 F.3d 538, 540 (11th Cir. 1994).

Premises in a reasonably safe condition and to warn plaintiff of latent perils. (Doc. #2, ¶¶ 8, 15). Plaintiff alleges that defendants breached that duty by allowing the existence of a dangerous condition on the floor and failing to inspect the Premises, creating the dangerous condition which was known or should have been known to defendants. (Id. at ¶¶ 9, 16.) According to plaintiff, these actions caused her fall and injuries.

Defendants do not contest that they had a duty to business invitees such as Sanchez, or that the actions they are alleged to have committed would constitute a breach of that duty. Instead, defendants argue that the Amended Complaint is deficient because plaintiff does not allege how defendants failed to maintain the Premises, what condition existed that required inspection or removal, how long the purported condition existed, or how it required removal and why.[4] Defendants also argue that plaintiff has not set forth the length of time the dangerous condition existed prior to her fall or how defendants could have known about the slippery substance.[5]

---

[4] Defendants also assert that the Amended Complaint fails to identify where plaintiff fell. Yet, the Amended Complaint specifically states that it was outside the Old Navy store. (Doc. #2, ¶ 6.)

[5] Defendants also argue that the Amended Complaint does not allege that the dangerous condition was hidden or concealed, which is required to trigger defendants' duty to warn, see St. Joseph's Hosp. v. Cowart, 891 So. 2d 1039, 1042 (Fla. 2d DCA 2004) (finding that the hospital had no duty to warn plaintiff of a danger of which it had no knowledge). Plaintiff's Amended Complaint does

Such specificity is not required to state a cause of action for negligence. Even if such information, as defendants insist, constitutes "facts that one would think are within the knowledge of the Plaintiff," there is no requirement that plaintiff plead them. In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir. 1995) (Fed. R. Civ. P. 8 does not require a plaintiff to plead with the greatest specificity it can). Accordingly, Sanchez has plausibly alleged her negligence cause of action.[6]

**2. Commingling Claims**

Defendants also assert that plaintiff alleges and commingles more than one cause of action in the negligence count, and that failure to warn, negligent maintenance, and "active negligence" should be alleged as separate counts. Although the two duties a property owner owes to an invitee are distinct, Wolford v.

allege a duty to warn her of "latent perils." Whether defendants had knowledge of the slippery substance on the Premises such that it triggered the duty to warn is a fact issue, and dismissal on this grounds is denied.

[6] Defendant ERMC argues that the Amended Complaint improperly alleges that it was responsible for the maintenance of the Premises, although it was not. Yet, the Court accepts plaintiff's allegation that it was responsible for the Premises as true at the motion to dismiss stage. While it is not entirely clear from the Amended Complaint what maintenance services that ERMC provided at Coastland Mall, maintenance companies responsible by contract for cleaning and custodial services may be held liable to members of the public for its negligence in performing that contract. See Maryland Maintenance Serv., Inc. v. Palmieri, 559 So. 2d 74, 76 (Fla. 3d DCA 1990).

Ostenbridge, 861 So. 2d 455, 456 (Fla. 2d DCA 2003); Lynch v. Brown, 489 So. 2d 65, 66 (Fla. 1st DCA 1986) (recognizing that these two duties are "alternative"), plaintiff has adequately alleged breach of both duties as the basis for her negligence claim. The Court sees no requirement in this case for plaintiff to assert breach of the duties as separate causes of action. Cf. Fed. R. Civ. P. 10(b).

**B. Negligent Mode of Operation (Counts Two and Four)**

The parties disagree on whether the "mode of operation" theory is still viable in Florida. The mode of operation theory allows a slip-and-fall plaintiff to recover by showing that a defendant failed to exercise reasonable care in selecting a mode of operation, without showing that the defendant had actual or constructive knowledge of the dangerous condition. See Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256, 259-60 (Fla. 2002) ("[T]he mode-of-operation rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiffs accident."). In Markowitz, the court recognized that the duty of premises owners to maintain their premises in a safe condition was not limited to simply detecting the dangerous conditions as they occur, but businesses were under a duty to take actions to "reduce, minimize, or eliminate foreseeable risks before they manifest themselves. . . ." Id. at 259. At the time

Markowitz was decided, the slip and fall statute in effect explicitly mentioned mode of operation, providing that:

> **(1)** The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
>
> **(2)** In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
>
> > **(a)** The person or entity in possession or control of the business premises owed a duty to the claimant;
> >
> > **(b)** The person or entity in possession or control of the business premises acted negligently by ***failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises***. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
> >
> > **(c)** The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

Fla. Stat. § 768.0710(2)(b) (emphasis added) (repealed July 1, 2010).

On July 1, 2010, a new slip and fall statute went into effect, Fla. Stat. § 768.0755, and the current version of the statute was

in effect at the time of Sanchez's slip and fall. The statute now provides:

> **(1)** If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> **(a)** The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> **(b)** The condition occurred with regularity and was therefore foreseeable.
>
> **(2)** This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

Fla. Stat. § 768.0755 (2010). Defendants argue the current version eliminates the mode of operation theory, while plaintiff argues that it preserves the cause of action. (Doc. #13 at 9.)

Florida courts have held that under the current version of the statute, proof of actual or constructive knowledge is a necessary element of a slip and fall claim. See Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014). See also Woodman v. Bravo Brio Restaurant Group, Inc., No. 6:14-cv-2025-Orl-40TBS, 2015 WL 1836941, at *2 (M.D. Fla. Apr. 21, 2015) (interpreting § 768.0755 to effectuate the legislature's intent and finding that proof of actual or constructive knowledge is an element of a slip and fall case, replacing proof by negligent mode

of operation); Valles v. Target Corp., No. 14-60723-Civ-Scola, 2015 WL 1640326, at *2 (S.D. Fla. Apr. 9, 2015) (Essentially, under Florida law, "a person claiming that a store was negligent by not cleaning up a dangerous condition must present some evidence that the dangerous condition ... existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition.") (citing Vallot v. Logan's Roadhouse, Inc., 567 F. App'x 723, 726 (11th Cir. 2014) (affirming an order granting summary judgment where the plaintiff failed to establish that the restaurant had actual or constructive notice of a slippery substance on the floor where he fell)).

The Court agrees that the plain language of subsection (1) requires proof of actual or constructive knowledge of the transitory foreign substance. In enacting Fla. Stat. § 768.0755, the Florida legislature specifically repealed the language of Fla. Stat. 768.0710, which had allowed a plaintiff to establish a claim for relief by showing a negligent mode of operation without the showing of actual or constructive knowledge. In interpreting § 768.0755, this Court must "strive to effectuate the legislature's intent" beginning with the plain language of the statute. Kasischke v. State, 991 So. 2d 803, 807 (Fla. 2008) (noting that if the statutory language is "clear and unambiguous," the inquiry ends there). Plaintiff's argument that her negligent mode of operation claim survives under subsection (2) of the statute is

not supported. The statute eliminated a statutory cause of action, but preserved only common law claims. See State v. Goode, 830 So. 2d 817, 824 (Fla. 2002). "[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless."

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant ERMC of America, LLC's Motion to Dismiss or, Alternatively, Motions for a More Definite Statement (Doc. #8) is **GRANTED IN PART and DENIED PART.** The motion is granted to the extent that Count IV is dismissed with prejudice; otherwise, the motion is denied.

2. Defendant Coastland Center, LLC's Motion to Dismiss or, Alternatively, Motion for a More Definite Statement (Doc. #10) is **GRANTED IN PART and DENIED PART.** The motion is granted to the extent that Count II is dismissed with prejudice; otherwise, the motion is denied.

**DONE and ORDERED** at Fort Myers, Florida, this 31st day of January, 2017.

John E. Steele

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record