UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA SANCHEZ,

    Plaintiff,

v.                         Case No: 2:16-cv-851-FtM-99CM

COASTLAND CENTER, LLC and
ERMC PROPERTY MANAGEMENT
COMPANY OF ILLINOIS, LLC,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motions to Dismiss (Docs. ##49, 50) filed on May 24, 2017, and plaintiff's Response in Opposition (Doc. #51) filed on June 7, 2017. For the reasons set forth below, the motions are granted with leave to amend.

Plaintiff Rosa Sanchez (plaintiff or Sanchez) has brought this premises liability action against the owner and operator of Coastland Center Mall for negligence arising out of a slip and fall incident that occurred on or about May 7, 2015 near the entrance to the Old Navy store. (Doc. #47, ¶ 5.) Plaintiff alleges that she slipped and fell on a "slippery substance," sustaining serious injury. (Id. at ¶¶ 6-7.)

The case was removed based upon diversity jurisdiction, and is currently proceeding on a two-count Third Amended Complaint

against defendants Coastland Center, LLC and ERMC of America, LLC (collectively, "defendants"), alleging negligence. (Doc. #47.)[1] Defendants move to dismiss the Third Amended Complaint as an impermissible shotgun pleading because Count II re-alleges all preceding paragraphs, including those paragraphs alleged under Count I. (Id. at 3.) In response, plaintiff asserts that the Third Amended Complaint is concise enough to allow defendants to frame a response, but alternatively has no objection to amending the sentence that re-alleges all preceding paragraphs under Count II.

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n. 54 (11th Cir. 2008)

---

[1] The Court previously directed defendants to show cause or supplement the Notice of Removal to address the Court's subject-matter jurisdiction. (Doc. #27.) The Court is satisfied as to its subject-matter jurisdiction. (Doc. #29.)

(collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Plaintiff will be required to address this deficiency in amending the pleading.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Coastland Center, LLC's Motion to Dismiss (Doc. #49) is **GRANTED.**

2. Defendant ERMC Property Management Company of Illinois, LLC's Motion to Dismiss (Doc. #50) is **GRANTED.**

3. Plaintiff's Third Amended Complaint (Doc. #47) is dismissed as a shotgun pleading without prejudice to filing a Fourth Amended Complaint within **FOURTEEN (14) days** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record