UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROSA SANCHEZ,

    Plaintiff,

v.                                                Case No: 2:16-cv-851-FtM-99CM

COASTLAND CENTER, LLC and
ERMC PROPERTY
MANAGEMENT COMPANY OF
ILLINOIS, LLC,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Motion to Extend Disclosure of Expert Reports Deadline and Deadline for Dispositive Motions (Doc. 71) filed on September 15, 2017. Defendants seek to extend the deadline of September 11, 2017 to disclose expert reports, the discovery deadline of September 15, 2017 and the deadline of October 20, 2017 to file dispositive motions. Doc. 71. Defendants allege that Plaintiff failed to attend the compulsory medical examination scheduled for September 7, 2017, and Defendants also experienced difficulty complying with the Court-ordered deadline due to the hurricane. *Id.* at 3. Defendants state that they have not been able to confer with the opposing counsel regarding the present motion. *Id.* at 4.

On February 8, 2017, Senior United States District Judge John E. Steele entered a Case Management and Scheduling Order, setting the deadline to disclose expert reports for Plaintiff to August 4, 2017 and for Defendants to August 25, 2017,

the discovery deadline to September 15, 2017, the mediation deadline to October 16, 2017, the deadline for dispositive motions to October 20, 2017 and a trial term of March 5, 2018. Doc. 32 at 1-2. On August 25, 2017, Defendants moved to extend their deadline for disclosure of expert reports to September 11, 2017, which the Court granted. Docs. 64, 65.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The standards for modification of deadlines are set forth in Rules 6 and 16 of the Federal Rules of Civil Procedure. Rule 6 requires a showing of excusable neglect when, as here, a party files a motion after the time for filing such motion has expired. Fed. R. Civ. P. 6(b)(1)(B). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). Thus, a party must demonstrate both good cause and excusable neglect for filing an untimely motion. *Estate of Miller v. Thrifty Rent-A-Car Sys., Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009).

Here, Defendants filed the present motion after their deadline of September 11, 2017 to disclose expert reports had expired. Docs. 65, 71. Nonetheless, based on Defendants' representation, the Court finds good cause and excusable neglect to

grant the requested extension. Doc. 71. The Court also notes that the requested extension will not affect the remaining deadlines.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Extend Disclosure of Expert Reports Deadline and Deadline for Dispositive Motions (Doc. 71) is **GRANTED**.

2. An amended case management and scheduling order will be issued under a separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record